# CASES

FOR THE

# SUPREME JUDICIAL COURT

IN

## THE COUNTY OF CUMBERLAND, MAY TERM, 1832.

---

### BRADLEY & al. vs. CARY.

A trader in Maine being about to purchase goods in *Boston,* exhibited and delivered to the seller a letter from his friend in Maine, addressed to himself, containing among other things the following,—"For the amount of such goods as you wish to purchase on six months credit, not exceeding one thousand dollars, I will guaranty at two and a half *per cent;*"—upon the faith of which he obtained goods, giving therefor his promissory note payable in six months with grace.— It was held that this was not an authority to the purchaser to bind the writer at all events; nor was the purchaser thereby constituted his agent for the purpose of receiving notice of its acceptance; but that it was merely a case of collateral guaranty, in which seasonable notice of acceptance was necessary, in order to charge the guarantor.

*Assumpsit* on a letter of guaranty given by the defendant, under the following circumstances. *Alfred Randall* and *Calvin Gilson,* about the first of *January,* 1830, formed a secret partnership in retail trade, to be conducted in *Portland* in the name of *Randall* alone. They came together to *Boston,* with some letters of introduction, to obtain goods on credit; but not meeting with success, *Gilson* returned to *Portland* for the purpose of obtaining other let-

ters, and from thence forwarded to *Randall* the letter in question, which was in these words :—" *Portland, Jan.* 11, 1830. Mr. *Alfred Randall,* Sir, Having information from you by Mr. *C. Gilson,* who states that your introductions were not satisfactory to those you presented them to, and if the following should be of any service to you, you have the liberty to make use of the same. For the amount of such goods as you wish to purchase on six months' credit, not exceeding one thousand dollars, I will guaranty at two and a half per cent. Yours, &c. *Ezra Cary.*" Upon showing this letter to one of the plaintiffs to whom *Randall* had previously applied in vain for goods, he said he would put them up ; and handed back the letter to *Randall* ; but after the purchase was completed he asked for and received the letter, saying it might be as well for *Randall* to leave it, and inquiring who *Cary* was. The amount of the purchase was $964,52, for which *Randall* gave the plaintiffs his negotiable note payable in six months with grace. He told *Bradley* at that time that he must pay the two and a half per cent ; to which *Bradley* replied that he would ; or that it should be no expense to *Randall.*

*Cary,* in *Sept.* 1829, had sold out his stock of goods to *Gilson,* on credit ; and *Randall* had been *Gilson's* clerk, till the new arrangement. There was a variety of evidence upon the point of notice to the defendant of the acceptance of the guaranty ; resulting partly from declarations and conduct of *Cary,* and partly from admissions and conversations of *Bradley,* all which were left to the jury.

The counsel for the plaintiff contended, and requested *Weston J.* before whom the cause was tried, to instruct the jury,—1st, That by the terms of the letter of guaranty, and by the evidence in the case, *Randall* was the agent of *Cary* for all purposes touching the guaranty ; that the guarantor is to look for notice only to the person to whom his letter was addressed, if it be addressed to any individual ; and that in the present case notice to *Randall* was legal notice to the defendant.

2d. That by the terms of the guaranty, the premium of two and a half per cent. was to be paid by *Randall* ; and that the agree-

ment of *Bradley* to exonerate him from the payment, gave *Cary* a right of action therefor against the plaintiffs.

3d. That if it was not to be paid by *Randall*, then it was payable by the plaintiffs, whose acceptance of the guaranty gave *Cary* a right of action against them for the amount.

4th. That if *Randall* was not *Cary's* agent, yet it was not necessary that notice to the latter should proceed from the plaintiffs; it being sufficient if, from any source, he had information that the guaranty was accepted.

But the Judge instructed the jury that if, from the evidence, they were satisfied that the guaranty was accepted, and that the defendant had notice of it, they should find for the plaintiffs; otherwise, for the defendant. And they returned a verdict for the defendant; which was taken subject to the opinion of the court upon the points made at the trial.

*Greenleaf, E. Shepley* and *Deblois* argued for the plaintiffs in support of the foregoing positions; insisting chiefly upon the first; that the letter was a general authority to *Randall*, to contract, in the defendant's behalf, with any seller of goods; that the defendant was bound, *ipso facto*, by the mere delivery of the goods upon the faith of the letter; which, as soon as it was acted upon, became, in effect, a direct and absolute promise to the plaintiffs; and that notice was necessary only where the undertaking was strictly a collateral guaranty, conditional in its nature, and addressed to the creditor; which was not the case at bar. *Grant v. Naylor*, 4 *Cranch.* 236; *Lanusse v. Barker*, 3 *Wheat.* 152 *note*; *Norton v. Eastman*, 4 *Greenl.* 521; *Seaver v. Bradley*, 6 *Greenl.* 60; *Reed v. Cutts*, 7 *Greenl.* 180; *Paley on Agency*, 199, 202; *Fitzherbert v. Mather*, 1 *D. & E.* 16; *Cowan v. Simpson*, 1 *Esp.* 290; *Erick v. Johnson*, 6 *Mass.* 193; *Train v. Gold*, 5 *Pick.* 380.

*Longfellow* and *Daveis* for the defendant.

Weston J. delivered the opinion of the Court at the next *May* term in *Kennebec.*

The counsel for the plaintiffs insists, that upon the transaction in question, no notice was necessary to charge the defendant. That

by the letter, *Randall* was made the agent of the defendant, with authority to bind him, and that if he made a contract for the defendant, his liability immediately attached ; and that it should have been left to the jury, whether *Randall* did not so contract for the defendant, and as his agent.

Whatever contract *Randall* did make, he made on his own account. He purchased the goods, and gave his own note for the amount, in which no mention is made of *Cary.* There is no evidence that he made any contract in his behalf, or that he assumed so to do. It appears only that he showed the letter signed by *Cary* to the plaintiffs, and finally submitted it to their keeping. If then the letter authorised *Randall* to bind *Cary*, by a contract to be entered into as his agent, there is no evidence that such authority was executed.

But we are of opinion, that the only sensible construction, which can be given to the letter, upon which the defendant is sought to be charged, is, that it is a letter of guaranty. The introductory paragraph is addressed to *Randall.* What follows, he is authorised to use, if it might prove of any service to him, in aid of his credit. How was it to be used ? By showing it to persons, who might be disposed to accept it. This *Cary* must have contemplated, and all who saw it, must have understood that he thereby pledged himself, that if *Randall* did not pay within the time stated, he would be answerable to the amount limited. And this, by the plain intendment of the letter, might be offered to any one, and be accepted by any one. "You," in the concluding paragraph, stands for *Alfred Randall.* The contract, according to its legal import, is proffered to any one, who was the vender of such goods, as *Randall* wished to purchase. And therein the defendant declares under his hand, that for the amount of such goods, as *Alfred Randall* may wish to purchase, on six months credit, not exceeding one thousand dollars, he will guaranty, at two and a half per cent. The operative word used, expresses the nature of the contract. It was a guaranty, collateral to the undertaking of *Randall*, who was to be accommodated with the credit. Such was the contract in form, in substance, and according to its legal effect ; and reasonable notice

of its acceptance, should by law be given to the party to be charged. *Norton v. Eastman*, 4 *Greenl.* 521. *Seaver v. Bradley*, 6 *Greenl.* 60. This is not a case, in which we are called upon to determine what is reasonable notice. The jury have found that the defendant had no notice whatever. The law of the case requiring notice, would have been the same, if the defendant had not stipulated for a commission, as the condition of his undertaking. Generally the principal and the collateral contract depend on the same consideration ; the credit given. But here the defendant claimed for himself a separate and distinct consideration. By whom was that to be paid ? By the other contracting party, who claimed the benefit of the guaranty against the defendant. And if this was open to be explained by parol proof, *Randall* testified that the plaintiffs agreed, that the two and an half per cent. should be no expense to him. The commission required, is an additional reason, why reasonable notice of the acceptance should have been given.

It is urged that *Randall* was the agent of the defendant, and that notice to the former, was therefore notice to the latter. But *Randall* was no otherwise the agent of the defendant, than every bearer of a guaranty, given to sustain his credit, is the agent of the party entering into the collateral contract. We perceive nothing in this case to distinguish it from others, in which notice is required.

We are not dissatisfied with the verdict. There is no affirmative proof of notice ; and little to justify the inference, that the defendant had been given to understand that the plaintiffs had accepted his guarantee. That the guarantee ever was accepted, is not free from doubt. It is true the plaintiffs declined to give *Randall* credit, until they were shown the defendant's letter. That was calculated to create a confidence that he was solvent, and would pay. They there saw, that the defendant did not regard the hazard as exceeding two and a half per cent. And they might thereupon think it not imprudent themselves to incur the hazard, and save the commission. Had *Randall* paid his note, the defendant might have met with difficulty in recovering it.

*Judgment on the Verdict.*